IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES C. ADAMS,                                    Case No. 3:11-cv-1564-MA

             Petitioner,                         OPINION AND ORDER

    v.

JEFF THOMAS, Warden, et. al.,

             Respondents.

JAMES C. ADAMS
15636-006
Sheridan Federal Prison Camp
Inmate Mail/Parcels
P.O. Box 6000
Sheridan, OR 97378

    *Pro Se*

S. AMANDA MARSHALL
United States Attorney
NATALIE K. WRIGHT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

MARSH, Judge

Petitioner James C. Adams, an inmate at Federal Prison Camp Sheridan (FPC Sheridan), brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP's) alleged failure to properly assess his request for a transfer to a residential reentry center (RRC) pursuant to 28 U.S.C. § 3624(c). For the reasons that follow, petitioner's habeas corpus petition is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

### I.    Factual Background.

Petitioner is currently serving a 60-month term of imprisonment for Conspiracy to Distribute 100 Kilograms of Marijuana or More in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). Petitioner's projected release date is December 19, 2012, via good conduct time.

On August 8, 2011, petitioner's Unit Team conducted a Program Review and recommended an RRC placement of 151-180 days. (Declaration of Sean Price (Price Dec.) (#12), p. 4.) Petitioner's Unit Team based its recommendation on the § 3621(b) factors, specifically considering:

> the fact that Petitioner is serving a 60-month sentence for conspiracy to distribute marijuana; the fact that Petitioner has maintained family and community ties as evidenced by his emails, telephone calls, and correspondence via U.S. Mail; the fact that Petitioner earned his GED while incarcerated and according to his Presentence Investigation Report, has taken college

2 - OPINION AND ORDER

courses in welding, blue print reading and weight
training; the fact that Petitioner has prior self-
employment in the construction field as a contractor and,
according to his telephone calls monitored by phone and
his email, has been preparing himself to return to this
line of work. (Price Dec. p. 4-5.)

Petitioner's RRC placement date is June 26, 2012, providing him 177 days in an RRC. (Id. at 5.) Petitioner has been designated to an RRC in Bellingham, Washington because it is the closest RRC to his residence in Anchorage, Alaska. Petitioner also has a home confinement date of June 21, 2012. Therefore, it appears likely that petitioner will be released to home confinement in Alaska shortly following his RRC placement. (Id.)

## II.  **Statutory Background.**

Congress has delegated to the BOP the authority to make all inmate placement determinations in two statutes: 18 U.S.C. §§ 3621(b) and 3624(c). Under 18 U.S.C. § 3624(c), the BOP is required to evaluate inmates for RRC placement near the end of their sentences to prepare prisoners for reentry into the community. Sacora v. Thomas, 628 F.3d 1059, 1062 (9th Cir. 2010), cert. denied, 132 S. Ct. 152 (2011). The Second Chance Act, Pub. Law 110-199, §231, 122 Stat. 657 (April 9, 2008)(SCA), amended § 3624(c), increasing an inmate's RRC eligibility from six months to 12. Section 3624(c) provides in relevant part:

(1) In general.- The Director of the Bureau of Prisons
shall, to the extent practicable, ensure that a prisoner
serving a term of imprisonment spends a portion of the
final months of that term (not to exceed 12 months),

under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Under § 3621(b), the BOP is delegated broad discretionary authority to determine the proper placement of inmates at the start of an inmate's prison term. E.g., Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008). Placement designations require consideration of five statutory factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>     (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

The five factors of § 3621(b) also must be considered when making RRC placements. Sacora, 628 F.3d at 1062-63; Rodriguez, 541 F.3d at 1186.

Under 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act (APA), Congress specified that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order" under 18 U.S.C. §§ 3621-3625. 18 U.S.C. § 3625; Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); Johnston v. Thomas, 2010 WL 2574090 (D. Or. June 24, 2010).

## DISCUSSION

In this proceeding, petitioner raises one claim of relief —
that his right to Due Process under the Fifth and Fourteenth
Amendments has been violated by the BOP's categorical denial of RRC
placements of greater than six months.  Petitioner also has filed
a Motion for Summary Judgment (#13), which the court construes as
a memorandum in support of the petition.[1]  Broadly construing
petitioner's claim, petitioner makes several arguments: (1) the BOP
has arbitrarily and capriciously denied him a 12 month RRC
placement; (2) the BOP has not properly conducted an individualized
assessment of the placement factors of § 3621(b) to his RRC
request; (3) the BOP's interpretation of §§ 3621(b) and 3624(c)
categorically limits RRC placements to six months; and (4) the BOP
did not follow the Second Chance Act or BOP policy when it failed
to ensure that his Case Manager and Unit Manager were present at
his August 8, 2011 Program Review.

Respondent moves to deny habeas corpus relief on several
grounds:  (1) respondents Terry Raudebaugh and Sean Price are
improperly named as respondents and must be dismissed; (2) this

---

[1]The Scheduling Order in this action does not provide for
the filing of a Motion for Summary Judgment, but anticipates only
the filing of the Petition, the Answer and a response made up of
"additional papers, legal arguments or legal authorities in
support of the petition.  Absent court approval, no other
documentation shall be filed."  (Expedited Scheduling Order (#9)
p. 2.)

court lacks jurisdiction to review the BOP's individualized RRC placement determination under 28 U.S.C. § 3625; (3) petitioner's claim is moot because he has received an individualized RRC placement determination; and (4) the BOP's policies comply with the Second Chance Act and petitioner's habeas claim must be rejected.

I.    **Repondents Raudebaugh and Price are Dismissed.**

As an initial matter, petitioner need only bring this action against Jeff Thomas, the Warden of FPC Sheridan. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435-36 (2004)(noting that the proper respondent in a habeas corpus case is the warden having custody over the petitioner); 28 U.S.C. § 2242.   Accordingly, respondents Raudebaugh and Price are dismissed from this action.

II.   **This Court Lacks Jurisdiction to Hear Petitioner's Challenge to His RRC Placement Decision under § 706(2)(A) of the APA.**

To the extent petitioner is arguing that the BOP's denial of a 12 month RRC placement is arbitrary and capricious under 5 U.S.C. § 706(2)(A) of the APA, this court lacks jurisdiction to hear his claim.   According to respondent, 18 U.S.C. § 3625 precludes judicial review of petitioner's contention that the BOP's failed to properly evaluate his RRC request or grant him a 12 month RRC placement. (<u>See</u> Petitioner's Memorandum in Support (#16) p. 2, 4-5.)  I agree.

I rejected a claim nearly identical to petitioner's in <u>Ingram v. Thomas</u>, 2011 WL 1791234 (D. Or. May 10, 2011).  In <u>Ingram</u>, I

held that § 3625 specifically precludes judicial review of the BOP's discretionary, substantive RRC decisions under § 706(2)(A) of the APA, relying on Reeb v. Thomas. See also Binford v. Thomas, 2011 WL 1791198 (D. Or. May 10, 2011)(holding same). In Reeb, the court concluded that it lacked jurisdiction to hear a petitioner's claim that the BOP arbitrarily expelled him from a residential drug treatment program known as RDAP. The Reeb court held that § 3625 unambiguously specified that judicial review under the APA was precluded:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review. Reeb, 2011 WL 723106 at *2.

In Ingram, I reasoned that like the RDAP program the BOP administers under § 3621(e), the BOP has the sole authority to make RRC placement determinations pursuant to § 3621(b). Therefore, I concluded that the BOP's decision to deny petitioner's RRC transfer request is a substantive, discretionary determination by the BOP that is not reviewable in district court. Ingram, 2011 WL 1791234 at *4.

This case is not distinguishable from Ingram, and I decline to depart from my previous rationale. To be sure, district courts in

the Ninth Circuit have uniformly applied <u>Reeb</u> to preclude habeas review of RRC placement decisions. <u>See</u> <u>Geiger v. Adler</u>, 2011 WL 5417093, *6 (E.D. Cal. Nov. 8, 2011)(collecting cases). Thus, to the extent that petitioner contends that his RRC placement determination is arbitrary and capricious, this court lacks jurisdiction to hear the claim.

To the extent that petitioner challenges the BOP's substantive, individualized RRC placement determination pursuant to § 3621(b), this court lacks jurisdiction to review that decision. <u>Reeb</u>, 636 F.3d at 1227. To the extent that petitioner contends that the BOP's interpretation of §§ 3621(b) and 3624(c) categorically limit RRC placements to six months, his claims have been rejected. <u>Sacora</u>, 628 F.3d at 1066-70. Based on the reasoning in <u>Sacora</u>, petitioner is not entitled to habeas relief.

III. <u>Petitioner Is Not Entitled to Habeas Relief for BOP's Alleged Failure to Follow Program Statement 5322.12.</u>

Program Statement (PS) 5322.12, entitled *Inmate Classification and Program Review*, describes the two types of regularly scheduled team meetings: Initial Classifications and Program Reviews. (Price Dec. (#12), Att. 3, p. 4.) The program statement provides that an inmate's Unit Manager is responsible for timely scheduling the Initial Classifications and Program Reviews. PS 5322.12 further provides:

b. At Program Reviews, progress in recommended programs will be reviewed, and new programs recommended based upon skills the inmate has gained during incarceration. Program Reviews occur at least once every 180 calendar days.

. . . .

(1) Ordinarily, the **Unit Manager** will chair all Initial Classifications and Program Reviews where CCC referral decisions are considered.  Other Program Reviews may be chaired by another staff member.

. . .

(d) the SENTRY-generated Program Review Report . . . is signed, certifying that all required team members are present and that the SENTRY-generated Program Review Report is current and accurate[.] (Id. at 5-6.)

According to petitioner, PS 5322.12 requires that all members of his "Unit Team" be present at his Program Review in order to make a valid RRC recommendation.  Petitioner submits that his Case Counselor Ms. Dannelley and was not present at his August 8, 2011 Program Review, and that his Case Manager Sean Price, has falsely included her signature on the SENTRY form.  (Price Dec. (#12), Att. 5, p. 13.)  Petitioner argues that by failing to comply with PS 5322.12, the BOP has failed to comply with the requirements of the Second Chance Act (SCA).

Petitioner's arguments appear twofold: (1) the BOP's interpretation of PS 5322.12 is inconsistent with the Second Chance Act; and (2) the BOP's failure to follow PS 5322.12 violated his

due process rights or otherwise entitle him to habeas relief. Petitioner's arguments miss the mark.

As thoroughly discussed in <u>Sacora</u>, § 3624(c) requires that a inmates receive individualized consideration for RRC placements, and that the BOP regulations ensure those placements are of a "sufficient duration" to provide the greatest likelihood of success. <u>Sacora</u>, 628 F.3d at 1066. Petitioner identifies no portion of § 3624(c) that requires the individualized consideration be conducted by all members of a unit team. Furthermore, petitioner fails to identify any portion of § 3624(c) that requires all members of unit team *be present* at a Program Review in order for the RRC determination to be consistent with the SCA. Having thoroughly reviewed §§ 3624(c) and 3621(b), the court finds no *statutory* requirement that all members of petitioner's Unit Team be present for a valid RRC determination. Accordingly, petitioner has failed to establish that the BOP's decision exceeded its statutory authority and he is not entitled to habeas relief on this basis. <u>Ingram</u>, 2011 WL 1791234 at *5; <u>see</u> <u>Reeb</u>, 636 F.3d at 1228.

Even assuming *arguendo* that petitioner has established that Ms. Dannelly was absent and that her absence violated PS 5322.12, such a violation does *not* entitle petitioner to habeas relief. <u>Reeb</u>, 636 F.3d at 1227-28. The alleged requirement that all members of the Unit Team be present during RRC evaluations is

contained only in Program Statement 5322.12.    As the Ninth Circuit

has held:

> A habeas claim cannot be sustained based solely upon the
> BOP's purported violation of its own program statement
> because noncompliance with a BOP program statement is not
> a violation of federal law. .... The BOP's purported
> violation of its own program statement simply is not a
> violation of federal law such that the district court
> would have jurisdiction to review [the petitioner's]
> claim. Id.

See also 28 U.S.C. § 2241(c)(3)(to state a habeas claim,

petitioner's custody must be in "violation of the Constitution or

laws or treaties of the United States"); Reno v. Koray, 515 U.S.

50, 61 (1995)(describing BOP program statements as "internal agency

guidelines"); Jacks v. Crabtree, 114 F.3d 983, 985 n.1 (9th Cir.

1997), cert. denied, 523 U.S. 1009 (1998)(same).    Petitioner's

habeas claim cannot be sustained based on the BOP's alleged

violation of PS 5322.12.    Reeb, 636 F.3d at 1227-28.    Therefore,

the petition must be denied because the court is without

jurisdiction to review his claim.

Lastly, to the extent that petitioner alleges a due process

violation, his claim fails.    Inmates do not have a protected due

process right to pass through an RRC prior to expiration of their

sentence.    Ingram, 2011 WL 1791234 at *4, citing Meachum v. Fano,

427 U.S. 215 (1976); Reeb, 636 F.3d at 1229 n.4, citing Greenholtz

v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

**CONCLUSION**

Based on the foregoing, respondents Terry Raudebaugh and Sean Price are DISMISSED as improper parties, petitioner's petition for writ of habeas corpus (#1) and the Motion for Summary Judgment (#13) are DENIED, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this _11_ day of APRIL, 2012.

Malcolm F. Marsh
United States District Judge